The Indianapolis Terra-Cotta Company, Appellant,
v. J. A. Murphy, *et al.*

**Construction of Writings; MODIFICATION OF CONTRACT.** In an action
1  by a terra-cotta company against the owner of a building, it
appeared that plaintiff agreed to make and deliver all the terra-
cotta work for the building "in accordance with and agreeable to
the drawings made for same, as corrected, with reduced bond, for
the sum of $2,790." There was added to the contract, "In consid-
eration of additional reduction in bond, where practicable, being
hereby agreed to by (the owner and contractor) the said company
hereby agrees to make a reduction of $140," etc   *Held*, the
addenda permitted a reduction of the bond or depth only so
far as practicable under the drawings submitted to plaintiff.

**PAROL VARIANCE.** Verbal negotiations, which lead up to a contract
2  in writing between the parties, are merged in the written contract
which when specific as to its terms, is controlling as to the actual
agreement.

**DEFENSE OF COUNTER-CLAIM FOR BREACH OF CONTRACT TO BUILD:**
*Material supplied by owner*. Where terra-cotta furnished under
contract for a building, did not answer the purpose, and the
3  defect was not discovered until it was needed for use, and neces-
sitated the owner ordering iron lintels for the windows, it is no
defense to a counter-claim for the price of the lintels that with
additional time and care the lintels might have been procured for
less money.

*Appeal from Council Bluffs Superior Court.—*Hon. J. E.
F. McGee, Judge.

Tuesday, October 27, 1896.

John N. Baldwin is the owner of a building built
by him in 1890 and 1891, in Council Bluffs, Iowa, and
the defendant Murphy was the contractor for building
it.   The plaintiff company contracted to furnish the
terra-cotta work for the building, and did so.   The
contract price for such work was two thousand six
hundred and twenty-five dollars.   Of the contract

price there remains unpaid three hundred and fifty-five dollars, for which this action is brought asking that a mechanic's lien be established. Baldwin presented a counter-claim for two hundred and seventy-five dollars, because of a breach of the contract on the part of plaintiff, in that the terra-cotta work for the fifth story windows was defective, because of which defendant was compelled to get iron lintels to make them safe and practicable, at a cost of the amount stated. The court allowed the counter-claim, and gave judgment for plaintiff for one hundred and eighty dollars,from which plaintiff appealed.—*Affirmed.*

*Flickinger Bros.* for appellant.

*Wright & Baldwin* for appellees.

Granger, J.—The following is the contract on which the terra-cotta was to be furnished:

"Chicago, October 16, 1890. To J. A. Murphy, Esq., Council Bluffs, Iowa — Dear Sir: We hereby agree to make and deliver all of the terra-cotta work for the above building, delivered f. o. b. cars destination, in accordance with and agreeable to the drawings made for the same, as corrected, with reduced bond, for the sum of $2,790. Respectfully submitted. Indianapolis Terra-Cotta Co., W. G. Stilz, Vice-Prest. Accepted: J. A. Murphy, Contractor."

"Addenda: In consideration of additional reduction in bond, where practicable, being hereby agreed to by John N. Baldwin, Esq., owner, and J. A. Murphy, Esq., contractor, the said company hereby agrees to make a reduction of one hundred and forty dollars, and in consideration of reduction in height of pier terminals to the extent of one foot, to be taken off the bottom thereof, said company will make the further reduction of twenty-five dollars—total reduction

amounting to one hundred and sixty-five dollars,—
which same being deducted from the foregoing con-
tract price, leaves the sum of two thousand six hun-
dred and twenty-five dollars; all of which is hereto
agreed, and made a part of the foregoing contract."

The defect in the terra-cotta for the fifth-story
windows was that the "reduction in bond" specified in
the "addenda" was so much as to render it unfit for
the use intended, and the iron lintels became
necessary for a proper support. Appellant's
contention is that by the contract the "bond or
depth" was fixed at five, instead of eight, inches, and
they were so made; while appellee claims that the
contract, with the addenda, permitted a reduction
only so far as practicable under the drawings sub-
mitted to the plaintiff, and on which it submitted its
proposition to furnish the terra-cotta. Without dis-
pute, Baldwin and Murphy met Stilz, vice-president
of the plaintiff company, at Chicago, and the contract
was there completed. Defendants rely entirely on the
contract as expressed in writing and signed by the
parties. By reference to the contract set out above,
it will be seen that the contract was first made and
signed with the price fixed at two thousand seven hun-
dred and ninety dollars. An addenda was attached,
and it is as to this that the dispute arises. This, also,
was signed by the parties, including "John N. Baldwin
Owner." It is clear that the contract, as signed, admits
of no reduction in bond except in so far as was practi-
cable, which must mean consistent with the construc-
tion of the building in accordance with the plans
proposed. Appellant, however, says that it relies on an
oral contract made in Chicago at the time the written
contract was made. We think there is no oral
contract to govern. The talk on which appellant
must rely as fixing the oral contract was before
the contract was signed, and the writing is the result of

the conversations or agreements leading to it. There is no pretense that the written contract has been changed by a subsequent agreement. Mr. Stilz, who made the contract for plaintiff, says in his testimony: "This one hundred and forty dollars was a reduction in bond of three inches all around the building, one hundred and two feet, in the fifth story, and was agreed to by Mr. Baldwin and Mr. Murphy, and signed by them in the addenda to the contract." There is nothing whatever to indicate any other contract made. It is absolutely conclusive that the writing is the contract which is to govern. Under that contract there could be no reduction not consistent with doing the work as the drawings prescribed. The evidence shows that the terra-cotta furnished did not answer the purpose. There is evidence to the effect that lintels, sufficient to sustain the weight resting on these, could have been obtained for much less money, say from seventy-five dollars to eighty dollars. It is thought that the lintels were unnecessarily large. The necessity of them was not discovered until they were needed for use, and Baldwin left the matter of getting what was needed to the architect. Even if it could be conceded that additional time and care might have obtained suitable lintels for a less price, it could have hardly been at less cost to plaintiff, with the delay that would have resulted. They were needed at once, and ordered from a manufacturer of them, and the price of them paid. It would seem that due care was used to avoid unnecessary expense in procuring them. The judgment is AFFIRMED.