BERGER MANUFACTURING COMPANY, Appellee, v. I. N. SALYERS & COMPANY, Appellant, et al., Appellees.

CONTRACTS: Construction—Suggested Change in Contract—Effect. A subcontractor who "suggests" to the contractor that the latter make certain modifications in the plans in the way of extras does not thereby obligate himself to pay to the contractor the cost entailed by such changes, even though such changes were advantageous to the subcontractor.

Headnote 1:  9 C. J. p. 840 (Anno.)

*Appeal from Palo Alto District Court.*—JAMES DE LAND, Judge.

APRIL 5, 1927.

Action upon an account. Judgment for plaintiff, as prayed, and the defendants Salyers & Company and I. N. Salyers appeal. —*Affirmed.*

*W. B. Bedell* and *William J. Fisher*, for appellant.

*F. J. Kennedy*, for appellee Berger Manufacturing Company.

*A. J. Burt*, for other appellees.

STEVENS, J.—In March, 1920, the appellant entered into a contract in writing to furnish the necessary material and labor and to erect a schoolhouse for the consolidated school district of Silver Lake Township, Ayrshire, Iowa, for a specified sum. The plans and specifications for the building require certain metal, lumber, and ribplex. On July 22d, appellant accepted the proposal of appellee to furnish this material F. O. B. Ayrshire for $11,400, with certain deductions according to the construction of the ceilings. On July 26th, appellee wrote a letter to appellant, suggesting that three steel crossbeams be added across the gymnasium at right angles to the girders. The purpose of this change was to shorten the span for the metal lumber which it was to supply. The suggested change was later approved by the architect in charge, and the beams were purchased by appel-

lant of the Des Moines Structural Steel Company, and paid for by him in the sum of $592.

It is claimed by appellant that the change increased the cost of installation several hundred dollars. This action is to recover $754.36, with interest added, which is alleged to be the balance due appellee on the contract of July 22d. Appellant set up as a counterclaim the cost of the three beams, extra expense of labor, and other items, aggregating $1,390, for which amount, with interest, he asked judgment, after allowing proper credit for the balance admitted to be due on his contract.

The only question argued by counsel is the right of appellant to offset the cost of the three steel beams with the extra labor and expense of installing the same, against the account of appellee. Several letters written by appellee to the architects and by them to it are set out in the abstract. Particular reliance is placed upon a letter dated September 10, 1920, from appellee to the architects. We find nothing in this communication in any way determinative of the controversy. The change suggested by appellee, which resulted in the purchase and installation by appellant of the crossbeams, was, we think, not understood by him to impose the obligation upon appellee to furnish them. They were promptly ordered by appellant from the Des Moines concern. The question, therefore, is, Has appellee in any way obligated itself to pay for these items? They are not referred to in the proposal of July 22d, the only contract between them, nor do we find anything in the record indicating an agreement on the part of appellee to pay therefor. The record does not disclose whether all of the material covered by the original contract between the parties to this action was furnished or not. Conceding that, if the change in the construction of the roof of the gymnasium resulted in a saving of material to appellee, credit should be given appellant therefor, we are yet unable to determine from the record the amount, if anything, that should be allowed therefor. Appellant furnished the beams, as extras, and incurred extra expense for labor and material in consequence thereof, and apparently someone should recompense him for the difference; but we perceive no theory upon which appellee may be held liable therefor. Liability on its part is, at most, limited to a proper abatement of the purchase price which appellant agreed to pay for the material supplied. The only case

cited by either party is *Indianapolis Terra-Cotta Co. v. Murphy*, 99 Iowa 633. A careful examination of this case fails to reveal anything to support appellant's contention.

It is our conclusion that no liability on the counterclaim is shown, and the judgment below is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.